UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

      Plaintiff,                          No. 19-CR-20437

                                       Judge: Matthew F. Leitman

vs.

NEAL CRAMER,

      Defendant.

_____

**MOTION OF NEAL CRAMER FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

      The Defendant, Neal Cramer, hereby moves that he be released from custody to home confinement to begin serving his period of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A). Statements in support are in the following brief.

October 12, 2020             S/Charles A. Grossmann
                                        Charles A. Grossmann (P24522)
                                        Attorney for Defendant
                                        452 S. Saginaw St., Ste. 302
                                        Flint, MI 48502
                                        (810) 232-0553
                                        cgrossmann702@hotmail.com

## BRIEF IN SUPPORT

On March 5, 2020 Mr. Cramer was sentenced by this court to 18 months; he reported to FCI Morgantown on August 3, 2020 and a week later, because he has asthma and COPD, he requested compassionate release which was denied on September 3, 2020. He now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

BOP Policies for Last 18 Months of Sentence

The BOP policies during the final 18 months of a sentence should be considered before analyzing the compassionate release motion factors. Eighteen months from August 3, 2020 is February 3, 2022; but the release date computed by the BOP on its website is November 12, 2021--which is 15 months from August 3rd, and 13 months from this motion being brought, and close to a year from when it may be decided. There is not a BOP policy to actually keep a prisoner in the prison setting for the last year of his sentence. According to a BOP website, "Focus on release preparations intensifies at least 18 months prior to release."[1] The reentry program (halfway house) is technically allowed up to 12 months before release and policy is closer to 6 months. The home confinement option, without

---

[1] bop.gov/inmates/custody_and_care/reentry.usp  18 U.S.C. § 3621(b) gives the BOP the right to place any prisoner in any place of imprisonment, and a halfway house is a place of imprisonment.

2

pandemic considerations, is 10% of the sentence or 2 months before release whichever is less; that option has been expanded under pandemic release considerations. (Exhibit A: 2013 BOP Memorandum on reentry and home confinement)

These policies indicate that, institutionally speaking, justice is not offended when prisoners do not do their final 12 months of their sentence in the prison setting. With that perspective in mind we can analyze the factors for Mr. Cramer's compassionate release.

Exhaust Administrative Remedy

Mr Cramer requested compassionate release on August 10, 2020 which was denied on September 3, 2020. (Exhibit B) Thus, he has satisfied the requirement of administratively seeking release.

Extraordinary and Compelling Reason

At this point the Court is well aware of the COVID-19 pandemic and its dangers, especially in prison. For this motion, rather than reiterate what has been presented in other compassion release motions, the Court can take judicial notice of those dangers to prisoners.[2]

---

2 The Government, in other motions, has touted the BOP's claimed protective measures and its success in fighting COVID-19. If that is a crucial factor then actual testimony should be presented rather than rely

Mr. Cramer, age 37, suffers from COPD and asthma, requiring an inhaler. Those conditions should be reflected in the BOP medical records which the Government has access to. An older medical record has been attached indicating his diagnosis and its longevity, thereby indicating that it is chronic. (Exhibit C) As a result he is at higher risk of death or serious impairments if he were to contact the illness. His respiratory illness combined with the current pandemic satisfies the first requirement of extraordinary and compelling reason for compassionate release.

Plan to Avoid Virus if Released

If Mr. Cramer receives home confinement, he can be in a safer environment than prison. His wife, Mindy Cramer, could take responsibility. Their home has 3 bedrooms and is owned by Mrs Cramer. Living in the home in addition to his wife are her 3 children ages 22, 19, and 12. The children in school are home schooled.  Visitors are not allowed to the home; one of Mrs. Cramer's children has asthma so they are extra diligent. If Mr. Cramer was to get sick there are local hospitals within 5 minutes travel time and a doctor who treats asthma (Mrs. Cramer's son's doctor) less than a mile away.

on the bare statements from the Executive Branch of government which has downplayed the pandemic. It also is a continuously evolving situation and must be reviewed right up to the time of deciding this motion..

Section 3553(a) Factors

There is no danger to the public if Mr. Cramer is released.

The BOP's scoring of Mr. Cramer's risk level for recidivism classifies him as "low". (Exhibit D) That is a reflection of the lack of need for the specific deterrence of Mr. Cramer committing future crimes.

Mr. Cramer's criminal history is non-violent and a reflection of his personal drug issues. In 2006 he was convicted of impaired driving; in 2010 he was convicted of possession of marijuana; in 2017 he was convicted of possession of heroin The instant crime for which he was sentenced involved his part in a distribution of methamphetamine conspiracy. When arrested he immediately started to redeem himself which eventually resulted in his 18 month sentence.

To protect the public from danger the probation department, in the presentence report, recommended a special condition to allow his residence to be searched. (PSR paragraph 81) That option would be a condition that the court could impose on any compassionate release.

Mr. Cramer's need for educational and vocational training, medical care and drug counseling can also be effectively administered outside

5

prison. The presentence report again gives guidance by recommending a condition requiring substance abuse treatment and testing when released. (PSR paragraph 82)

As to providing a just punishment, that factor brings us to the introduction of this brief. If Mr. Cramer is released to home confinement with conditions, he would remain subject to restraints on his freedom in very similar ways as the BOP would treat him in any event for the last 12 months of his sentence--except safer. His sentence is not being reduced, the only change is how it is served.

Relief Requested

It is requested that Mr. Cramer be released to home confinement.

Respectfully submitted.

October 12, 2020

S/Charles A. Grossmann
Charles A. Grossmann
Attorney for Defendant
452 S. Saginaw St., Ste. 302
Flint, MI 48502
(810) 232-055
cgrossmann702@hotmail.com
P24522

6

## PROOF OF SERVICE

 The undersigned electronically served the above document on the same date of electronically filing this document, October 12, 2020, to all the parties of record.

October 12, 2020             S/Charles A. Grossmann
                             Charles A. Grossmann
                             Attorney for Defendant
                             452 S. Saginaw St., Ste. 302
                             Flint, MI 48502
                             (810) 232-0553
                             cgrossmann702@hotmail.com
                             P24522