UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

               Plaintiff,

v.

D-3 NEAL CRAMER,

               Defendant.

Case No. 4:19-cr-20437

Hon. Matthew F. Leitman
United States District Judge

## United States' Notice of Supplemental Authority

After the government filed its response, the Sixth Circuit issued a published decision in *United States v. Jones*, ___ F.3d ___, No. 20-3701, 2020 WL 6817488, *6 (6th Cir. Nov. 20, 2020), which might affect the Court's analysis—but not the result—of Cramer's pending motion.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), contains two overlapping requirements for scrutinizing an inmate's justification for release. An inmate must demonstrate that "extraordinary and compelling reasons warrant such a reduction" in his sentence. *Id.* And release must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The *Jones* majority opinion concluded that USSG § 1B1.13 is not an "applicable" policy statement for defendant-initiated compassionate release motions. *Id.* at *7–*8. That analysis was incorrect, and the government preserves

1

for further review its argument that § 1B1.13 remains binding. Further, as the concurring opinion made clear, *Jones* held only that the district court reasonably denied release under the § 3553(a) factors. *Id.* at *13 (Cook, J., concurring). Accordingly, the remainder of the panel's opinion was dicta. *Id.* Its analysis of §1B1.13 is therefore not controlling. *See Wright v. Spaulding*, 939 F.3d 695, 700–02 (6th Cir. 2019).

But even if this Court follows the *Jones* dicta*, §* 1B1.13 continues to "provide a working definition of 'extraordinary and compelling reasons,'" which can "guide" a district court's decision "without being conclusive." *United States v. Gunn*, ___ F.3d ___,   No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). In other words, the analyses of the Sentencing Commission represented in § 1B1.13 and its Application Notes should still be "given substantial weight." *Id.*

Under § 1B1.13, if a defendant's release would create "a danger to the safety of any other person or the community," he is not eligible for compassionate release. USSG § 1B1.13(2). Whether or not this bar remains, a defendant's dangerousness remains important to the compassionate release analysis. To begin with, a dangerous defendant will have difficulty establishing a "compelling" reason for compassionate release. *See United States v. McGowan*, No. 20-1617, 2020 WL 3867515, at *2 (6th Cir. July 8, 2020). And under the § 3553(a) factors, courts

2

must account for the need to protect the public. 18 U.S.C. § 3553(a)(2)(C).

Here, the outcome of Cramer's motion is the same whether or not § 1B1.13 is binding or even authoritative, because the § 3553(a) factors do not support release. In this case, Cramer's crime was very serious.  It was ongoing, involved a large amount of methamphetamine, and presented a significant danger to the community. The factors that the Court must weigh under 18 U.S.C. § 3553 have not changed in any appreciable way since his sentencing hearing, and Cramer already received a sentence well below the advisory guideline range. Cramer's sentence must be sufficient to reflect the seriousness of the offense, promote deterrence, and protect the community. A release to home confinement now would be insufficient to accomplish those and the other goals of sentencing.

Cramer's motion should be denied.

Dated: December 2, 2020                    MATTHEW SCHNEIDER
                                                          United States Attorney

                                                          */s Jules M. DePorre*_____
                                                          JULES M. DePORRE (P73999)
                                                          Assistant United States Attorney
                                                          600 Church Street
                                                          Flint, Michigan 48502-1280
                                                          Phone: (810) 766-5026
                                                          Fax: (810) 766-5427
                                                          jules.deporre@usdoj.gov
                                                          3

## **CERTIFICATE OF SERVICE**

I certify that on December 2, 2020, I filed the foregoing document using the court's CM/ECF system which will provide notice to Charles Grossmann, attorney for Neal Cramer.

*/s Jules M. DePorre*
Assistant U.S. Attorney

4