UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D2, NEAL CRAMER,

    Defendant.
_____/

Case No. 19-cr-20437
Hon. Matthew F. Leitman

**ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE (ECF No. 68)**

Defendant Neal Cramer is a federal prisoner incarcerated at FCI Ashland in Ashland, Kentucky. In March 2020, this Court sentenced Cramer to 18 months in custody in connection with his conviction for conspiracy to possess with intent to distribute and to distribute methamphetamine. (*See* Judgment, ECF No. 47, PageID.188.)

On October 12, 2020, Cramer filed a motion for compassionate release. (*See* Mot., ECF No. 68.) The Court held a video hearing on Cramer's motion on January 20, 2021. (*See* Notice of Hearing, ECF No. 86.) For the reasons stated on the record during the motion hearing, Cramer's motion is **GRANTED**.

The custodial portion of Cramer's sentence is reduced to time served. He shall immediately be released from custody. Upon his release, Cramer shall travel directly

by automobile to his home.  Cramer and all others with him in the automobile shall wear face masks during the drive.  For the first 14 days after Cramer arrives at his home, he shall remain inside his house.  And for the same 14-day period, he shall quarantine within the house – meaning he shall remain in a room that is separate and apart from all other residents of the house to the extent possible.  And when, during the 14-day quarantine period, it is unavoidable for Cramer to be in a separate room, he shall wear a face mask.  Finally, Cramer shall contact his supervising probation officer within 48 hours after he first arrives at home.

Also, upon Cramer's release from custody, he shall immediately begin serving the two years of supervised release that the Court imposed in Cramer's Judgment. (*See* Judgment, ECF No. 47, PageID.189.)  The Court adds as a condition of that supervised release that Cramer shall be subject to home confinement (with location monitoring) at his residence for a period of 12 months.  The supervising probation officer assigned to Cramer's case shall choose the location monitoring equipment. The Court will waive the costs of monitoring due to Cramer's indigence.  During this period of home confinement, Cramer shall not leave his residence other than for employment or to look for employment, religious services, educational programming, medical appointments, substance abuse and/or mental health treatment programs, appointments with counsel, and/or other activities approved in advance by his supervising probation officer.  Cramer may also leave his residence

to attend school or extra-curricular activities (e.g., Urban Scouts, etc.) with his stepson. (Cramer may not leave his residence at all during the initial 14-day quarantine period, except in the case of a medical emergency or as directed by his probation officer.) In all other respects, Cramer's original sentence remains unchanged.

**IT IS SO ORDERED**.

Dated: January 20, 2021

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 20, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761